Michael D. O'Brien, OSB 95105
Oliveros & O'Brien, P.C.
9200 SE Sunnybrook Blvd., Suite 150
Clackamas, OR 97015
Phone: (503) 786-3800
FAX: (503) 786-3885
Mail: mike@orbankruptcy.com
      Of Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KATHERINE STOLZ, an individual, EDWARD STOLZ, an individual, and TERREA STOLZ, an individual,<br><br>                Plaintiffs,<br>vs.<br><br>ONEWEST BANK, a California Corporation, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation, REGIONAL TRUSTEE SERVICES CORPORATION, a Washington Corporation, and FEDERAL NATIONAL MORTGAGE ASSOCIATION, a government sponsored Enterprise,<br><br>                Defendants. | Case No. CV11-762 HU<br><br>PLAINTIFFS' OBJECTIONS TO PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS OF MAGISTRATE JUDGE |

On November 2, 2011, the Court heard oral argument on Defendants' Motion to Dismiss and made Findings and Recommendations. In its Findings and Recommendations the Court granted in part and denied in part the Motion to Dismiss. As to the claims that were dismissed, the Findings and Recommendations are dispositive as Plaintiff was not given leave to amend. The deadline for objections to the Findings and Recommendations was set as February 1, 2012.

1 – PLAINTIFFS' OBJECTIONS TO PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS OF MAGISTRATE JUDGE

Pursuant to Fed. Rule Civ. Proc. 72(b), Plaintiffs object to the Findings and Recommendations in this matter. The standard of review in this matter, as provided for in FRCP 72(c) is de novo. Plaintiffs respectfully submit to the Court that they have stated a claim for relief for wrongful foreclosure and violation of the Oregon Trust Deed Act under the standard announced in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

### Plaintiffs' Objections

1. The Findings and Recommendations conclude that HOLA preemption applies to shield OneWest Bank from compliance with the Oregon Trust Deed Act (see F&R, Page 23, lines 22-23). However, the Deed of Trust signed by the parties clearly show that the parties contemplated compliance with the Oregon Trust Deed Act when they entered into their contractual agreement. The Deed of Trust which was foreclosed upon in this case includes the following language – "'Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions." (See Exhibit 3 to Complaint, page 2, subparagraph "J"). At various places throughout the Deed of Trust the right and obligations of the parties are subject to "Applicable Law," including notably in the Non-Uniform Covenant Number 22 which provides in part that Lender "…may invoke the power of sale and any other remedies permitted by Applicable Law." Although HOLA may have preempted the field, the lender has effectively "opted-out" and contractually obligated itself to comply with state law.

2. The Findings and Recommendations rely on the opinion of Judge Stewart (see F&R, Page 28, lines 6-7) in the case of *James v. Recontrust Co.,* 2011 WL 3841558 (D. Or.

Aug. 26, 2011), and find that such opinion is dispositive in concluding that Premier Mortgage was not required to record its assignment to IndyMac. This reliance may be inappropriate as the findings and recommendations in *James* were objected to, briefed, and argued before the Honorable Michael Simon who has taken the matter under advisement as of January 25, 2012.

3. The Findings and Recommendations find that "because the trust deed names MERS as the beneficiary and MERS has the right to receive the benefit of the trust deed, I find that MERS was a proper beneficiary under the trust deed." (See F&R, Page 26, lines 16 to 19.) Plaintiffs object to the conclusion that MERS has the right to receive the benefit of the trust deed and thus MERS is not a proper beneficiary.

4. The Findings and Recommendations find no currently viable claim that Defendants violated the Oregon foreclosure laws but fails to allow leave to amend and fails to consider the theory of promissory estoppel.

5. The Findings and Recommendations give weight to the opinion of Judge Stewart (see F&R, Page 32, lines 17-19) in the case of *Sawyer v. Recontrust Co.,* 201 WL 2619517 (D. Or. May 27, 2011) on the present issue of whether Defendants foreclosure sale was proper notwithstanding the fact that an agent of OneWest advised Plaintiffs that "there is no updated sale date, but the foreclosure is on hold until your inquiries have been responded to." In the *Sawyer* case, Judge Stewart analyzed the Pro Se Plaintiff's Third Claim for Relief involving breach of contract for Defendants action proceeding to a foreclosure sale notwithstanding the Defendants oral assertions that they would not do so. Judge Sawyer dismissed that claim without prejudice and invited the Pro Se Plaintiff to replead. The Plaintiff never filed an amended complaint therefore the

issue was never fully vetted before the court.

DATE:    2/1/12                        /s/ Michael D. O'Brien
                                                Michael D. O'Brien, OSB #95105
                                                Oliveros & O'Brien, P.C.
                                                9200 SE Sunnybrook Blvd., Suite 150
                                                Clackamas, OR 97015
                                                mike@orbankruptcy.com
                                                Voice: 503-786-3800

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **PLAINTIFFS' OBJECTIONS TO PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS OF MAGISTRATE JUDGE** on:

Cody Hoesly, OSB#052860, choesly@larkinsvacura.com, Larkins Vacura LLP, 621 SW Morrison St., Suite 1450, Portland, OR 97205

    (of Attorneys for Defendants OneWest Bank, FSB, Mortgage Electronic Registration Systems, Inc. and Federal National Mortgage Association)

Lisa McMahon-Myhran, OSB#00084, lmcmahon@robinsontait.com, Robinson Tait, P.S., 710 Second Avenue, Suite 710, Seattle, WA 98104

    (of Attorneys for Defendant Regional Trustee Services Corporation)

( )    by mailing a copy thereof in a sealed, first-class postage prepaid envelope, addressed to the party at the address set forth above and deposited in the U.S. Mail on the date below indicated.

( )    by causing a copy thereof to be hand-delivered to the party at the address set forth above on the date below indicated.

( )    by sending a copy thereof via overnight courier in a sealed, prepaid envelope to the address set forth above on the date below indicated.

( X)    by Electronic Case Filing, (ECF) on the date set forth below.

Dated this 2nd day of February, 2012.

                        OLIVEROS & O'BRIEN, P.C.

                        /s/ Hugo Zollman

                        Hugo Zollman, Paralegal, hugo@orbankruptcy.com

                        Of Attorneys for Plaintiffs

                        9200 SE Sunnybrook Blvd., Suite 150

                        Clackamas, OR 97015

                        V: 503-786-3800    F: 503-786-3885