Michael D. O'Brien, OSB 95105
Oliveros & O'Brien, P.C.
9200 SE Sunnybrook Blvd., Suite 150
Clackamas, OR 97015
Phone: (503) 786-3800
FAX: (503) 786-3885
Mail: mike@orbankruptcy.com
        Of Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KATHERINE STOLZ, an individual, EDWARD STOLZ, an individual, and TERREA STOLZ, an individual, | Case No. CV11-762 HU |
| Plaintiffs, | MEMORANDUM IN SUPPORT OF PLAINTIFFS' OBJECTIONS TO PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS OF MAGISTRATE JUDGE |
| vs. | |
| ONEWEST BANK, a California Corporation, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation, REGIONAL TRUSTEE SERVICES CORPORATION, a Washington Corporation, and FEDERAL NATIONAL MORTGAGE ASSOCIATION, a government sponsored Enterprise, | |
| Defendants. | |

Plaintiffs respectfully submit to the Court that they have stated a claim for relief for

wrongful foreclosure under the standard announced in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544

(2007).  The Plaintiffs object on a variety of reasons as further detailed below:

**HOLA Preemption of the Oregon Trust Deed Act.**

The Findings and Recommendations conclude that HOLA preemption applies to shield

OneWest Bank from compliance with the Oregon Trust Deed Act (see F&R, Page 23, lines 22-23).

12 Code Federal Regulations Section 560.2(a) reads in pertinent part that:

> OTS hereby occupies the entire field of lending regulation for federal savings associations. OTS intends to give federal savings associations maximum flexibility to exercise their lending powers in accordance with a uniform federal scheme of regulation. Accordingly, federal savings associations may extend credit as authorized under federal law, including this part, without regard to state laws purporting to regulate or otherwise affect their credit activities, except to the extent provided in paragraph (c) of this section…

The case law analyzing these claims has focused on how the claims affect lending and thus are preempted by HOLA. However, a number of exceptions to HOLA identified in paragraph (c) exist including "(2) Real Property Law," 12 CFR §560.2(c)(2). Although Judge Hubel analyzed the exception referenced and found that the reasoning of Judge Hernandez disposed of the claim (See Findings at page 21, citing *Copeland-Turner v. Wells Fargo Bank*, No. CV-11-37-HZ, 2011 WL 2650853 (D. Or. July 6, 2011)), it is not clear that the court in *Copeland-Turner* or this instant case considered the contract between the parties as creating an independent exception to HOLA.

Plaintiffs claim that Defendants violated the Oregon Trust Deed Act. Plaintiffs assert that the Oregon Trust Deed Act is an act which governs matters relating to real property law (i.e. the Deed of Trust and foreclosure thereof) and not specifically to lending practices (i.e the Note) and thus is a specifically contemplated exception to HOLA preemption under 12 CFR §560.2(c)(2). ORS 86.715 defines a trust deed as "…a mortgage on real property and is subject to all laws relating to mortgages on real property.." The actions complained of by Plaintiff in this case do not implicate state laws that govern or regulate the initial lending decision made by Premier Mortgage at the time of the initial loan. Rather, the actions complained of by Plaintiff implicate the procedure followed by Defendants in foreclosing upon the real property.

Plaintiffs further assert that the contract between the parties, voluntarily entered into by the

predecessor to Defendant OneWest Bank, acts as a further exception to HOLA.  From the Deed of Trust it is clear that the parties contemplated compliance with the Oregon Trust Deed Act when the initial trust deed document was signed.  The form of Deed of Trust selected by the original lender Premier Mortgage and signed by Plaintiff Katherine Stolz defines the term "Applicable Law" as "all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions."  (See, Exhibit 3 to Complaint, Page 2 at subparagraph J).  Applicable law to be applied when analyzing the trust deed thus includes the Oregon Trust Deed Act.  The term "Applicable Law" then appears twenty times throughout the Deed of Trust – see Uniform Covenants Paragraph 3, 5, 10, 11, 14, 15, 16, 18, 19 and 20 and Non-Uniform covenants paragraph 22 and 23.  (Exhibit 3 to Complaint)  The uniform covenant paragraph 16 advises the parties that "This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the property is located," and further provides that "All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law."  (Exhibit 3 to Complaint at page 10.)

The Non-Uniform Covenants contained in the contract and agreed to by the parties include at paragraph 22 in relevant part that after a default Lender "…may invoke the power of sale and any other remedies permitted by Applicable Law."  (Exhibit 3 to Complaint at page 12.)  It further provides that "Lender or Trustee shall give notice of sale in the manner prescribed by Applicable Law to Borrower and to other persons prescribed by Applicable Law."  (Exhibit 3 to Complaint at page 12.)

It is interesting to note that when the parties wanted to restrict the applicability of laws and regulations they specifically stated such – see uniform covenant paragraph 12 defining

"environmental law" as "federal laws and laws of the jurisdiction where the property is located…" (Exhibit 3 to Complaint at page 11.)

HOLA and the OTS regulations were enacted at a time when savings associations were failing in record numbers and Congress wanted a comprehensive system that left no room for state regulatory control. *Silvas v. E\*Trade Mortg. Corp*., 514 F.3d 1001, 1004 (9th Cir. 2008). However, nothing in HOLA appears to prevent a federal savings association from submitting itself to state laws governing real property or even from contractually "opting-out" of HOLA protections. In this case, the contract between the parties, drafted by the predecessor to Plaintiff OneWest Bank, clearly contemplates that it will be analyzed under a much broader field of law than simply the Home Owners Loan Act.

### Reliance upon James v. Recontrust Co.

The Findings and Recommendations rely on the opinion of Judge Stewart in the case of *James v. Recontrust Co.,* 2011 WL 3841558 (D. Or. Aug. 26, 2011), and find that such opinion is dispositive in concluding that Premier Mortgage was not required to record its assignment to IndyMac (see F&R, Page 28, lines 6-7) and in generally finding fault with Plaintiffs state law claims as they apply to Defendants MERS, Regional Trustee and Fannie Mae (see F&R, Page 26, lines 5-9.) This reliance may be inappropriate as the findings and recommendations in *James* were objected to, briefed, and argued before the Honorable Michael Simon who has taken the matter under advisement as of January 25, 2012. Plaintiffs acknowledge that this field of law is currently very dynamic but to ascribe dispositive, precedential weight to a case in this District under further review seems premature.

### MERS was a proper beneficiary under the trust deed

The Findings and Recommendations conclude that MERS was a proper beneficiary under

the trust deed because "the trust deed names MERS as the beneficiary and MERS has the right to receive the benefit of the trust deed." (See F&R at page 26, lines 16-19.) Plaintiffs do not contest that the trust deed names MERS as the beneficiary, however, Plaintiffs do object that "MERS has the right to receive the benefit of the trust deed." It is unclear what precisely the court considers as the benefit of the trust deed. In looking at the document itself it appears that the benefit of the trust deed is to secure performance of the Note. This is specifically stated as: "This security instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note..." (See Exhibit 2 to Complaint at Page 3). MERS is not the Lender, both the Note and the Deed of Trust specifically identify the lender as Premier Mortgage Group. (See Exhibit 2 and Exhibit 3 to Complaint.) The Deed of Trust explains that MERS "is a separate corporation acting solely as nominee for Lender and Lender's successors and assigns." (See Exhibit 3 to Complaint at page 1, paragraph E) and further that "...MERS holds only legal title to the interests granted by Borrower in this security instrument..." (See Exhibit 3 to Complaint at page 3.) Nowhere in the documents does it say that MERS has a right to receive the benefit of the trust deed, nor does Plaintiff believe that Defendant MERS has ever asserted an interest in the Note or stream of payments made pursuant to the Note. If, as stated, the court's conclusion that MERS is a proper beneficiary under Oregon law is based on the premise that MERS has the right to receive the benefit of the trust deed, then Plaintiffs object to such conclusion.

If the Court looks to rely on language in the Deed of Trust which provides that "...if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument," then the Court is judicially condoning

a system that merges the agent with the principal in direct contrast to the established laws of Agency.  See Restatement (Third) of Agency §1.01 (2006.)

## Defendants were barred from holding the June 14th Foreclosure Sale

The Findings and recommendations conclude that nothing in the Oregon Trust Deed Act prevents the Defendants from proceeding to sale even though they affirmatively assured Plaintiffs that they would not go to sale.  The court is troubled by this conclusion and correctly states that the Plaintiffs relied on the representations of Defendant OneWest Bank to their detriment.  The record is clear and undisputed by Defendants that OneWest Bank promised NOT to hold a foreclosure sale on the property until after the inquires requested by Plaintiff had been responded to.  Plaintiffs allege and continue to allege, that Defendant OneWest Bank has never fully responded to the inquiries nor provided any of the requested documents.  Although the Oregon Trust Deed Act may allow such chicanery, Plaintiffs can still pursue their claim and recover under a theory of promissory estoppel.

Promissory estoppel is a valid theory for recovery under Oregon Law arising out of Section 90 of the Restatement (Second) of Contracts.  See *Barnes v. Yahoo*, 565 F.3d 560, 570 (9th Cir. 2009) citing *Bixler v. First Nat'l Bank of Or.,* 49 Or. App. 195, 619 P.2d 895 (1980).  The elements which determine when a promise is enforceable are "(1) a promise[;] (2) which the promisor, as a reasonable person, could foresee would induce conduct of the kind which occurred[;] (3) actual reliance on the promise[;] (4) resulting in a substantial change in position."  *Barnes* at 570*, Bixler* at 899.  To qualify as a "promise" serving as the basis for a promissory estoppel claim the assertion must be "as clear and well defined as a promise that could serve as an offer, or that otherwise might be sufficient to give rise to a traditional contract supported by consideration."  *Barnes* at 571 citing 1 Samuel Williston & Richard A. Lord, A Treatise on the Law of Contracts §1.1 (4th ed. 2007).

In this case Defendant OneWest Bank promised Defendants that "the foreclosure sale scheduled for May 13, 2011 is currently on hold.  There is no updated sale date, but the foreclosure is on hold until your inquiries have been responded to."   (See Exhibit 4 to Complaint)  This assertion is very clear and very well defined and is sufficient to give rise to a traditional contract. OneWest Bank put a foreclosure sale on hold, affirmatively asserted that no updated sale date exists, and affirmatively committed to not hold a foreclosure sale until such time as the inquiries of Plaintiffs had been responded to.  At the time of this promise, OneWest Bank and Plaintiffs knew that a sale was scheduled for May 13, 2011.  Under the objective reasonable person standard, OneWest Bank must have foreseen that as a result of their promise, Plaintiffs would refrain from taking action including (1) attending the foreclosure sale to verify the sale had been cancelled and (2) refraining from filing this declaratory lawsuit prior to the sale being held.  Plaintiffs actually did rely on this promise and awaited a response to their inquiries from Defendant OneWest Bank. Finally, as a result of their reliance, Plaintiffs have suffered a substantial change in position namely – the burden of overturning a wrongful foreclosure sale as opposed to preventing a wrongful foreclosure sale from occurring.  All of the elements exist to state a plausible claim for relief and recovery under equitable estoppel and thus dismissal under Rule 12(b)(6) is inappropriate.

The Findings and Recommendations give weight to the opinion of Judge Stewart (see F&R, Page 32, lines 17-19) in the case of *Sawyer v. Recontrust Co.,* 2001 WL 2619517 (D. Or. May 27, 2011) on the present issue of whether Defendants foreclosure sale was proper notwithstanding the fact that an agent of OneWest advised Plaintiffs that "there is no updated sale date, but the foreclosure is on hold until your inquiries have been responded to."  In the *Sawyer* case, Judge Stewart analyzed the Pro Se Plaintiff's Third Claim for Relief involving breach of contract for Defendants action proceeding to a foreclosure sale notwithstanding the Defendants oral assertions

that they would not do so.  Judge Sawyer dismissed that claim without prejudice and invited the Pro Se Plaintiff to replead.  The Plaintiff never filed an amended complaint therefore the issue was never fully vetted before the court.

### Conclusion

For the reasons stated above, the Plaintiffs ask the court to not adopt those findings and recommendations which have been objected to.


DATE:      2/1/12                          /s/ Michael D. O'Brien
                                           Michael D. O'Brien, OSB #95105
                                           Oliveros & O'Brien, P.C.
                                           9200 SE Sunnybrook Blvd., Suite 150
                                           Clackamas, OR 97015
                                           mike@orbankruptcy.com
                                           Voice: 503-786-3800

## TABLE OF AUTHORITIES

**Cases:**

Barnes v. Yahoo, 565 F.3d 560 (9th Cir. 2009)

Bell Atlantic v. Twombly, 550 US 544 (2007)

Bixler v. First Nat'l Bank of Or., 49 Or. App. 165, 619 P. 2d 895 (1980).

Copeland-Turner v. Wells Fargo Bank, Vo. CV-11-37-HZ, 2011 WL 2650853 (D. Or. 7/6/11)

James v. Recontrust Co., 2011 WL 3841558 (D. Or. 8/26/11)

Sayer v. Recontrust Co., 2001WL 2619517 (D. Or. 5/27/11)

Silvas v. E*Trade Mortg. Corp. 514 F.3d 1001 (9th Cir. 2008)


**Statutes:**

12 CFR §560.2

ORS 86.735 et seq.


**Other Authorities:**

Restatement (Second) of Contracts §90

Williston & Lord, A Treatise on Contracts §1.1 (4th Ed. 2007)

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I served the foregoing **MEMORANDUM IN SUPPORT OF PLAINTIFFS' OBJECTIONS TO PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS OF MAGISTRATE JUDGE** on:

Cody Hoesly, OSB#052860, choesly@larkinsvacura.com, Larkins Vacura LLP, 621 SW Morrison St., Suite 1450, Portland, OR 97205

(of Attorneys for Defendants OneWest Bank, FSB, Mortgage Electronic Registration Systems, Inc. and Federal National Mortgage Association)

Lisa McMahon-Myhran, OSB#00084, lmcmahon@robinsontait.com, Robinson Tait, P.S., 710 Second Avenue, Suite 710, Seattle, WA 98104

(of Attorneys for Defendant Regional Trustee Services Corporation)


(    )          by mailing a copy thereof in a sealed, first-class postage prepaid envelope, addressed to the party at the address set forth above and deposited in the U.S. Mail on the date below indicated.

(    )          by causing a copy thereof to be hand-delivered to the party at the address set forth above on the date below indicated.

(    )          by sending a copy thereof via overnight courier in a sealed, prepaid envelope to the address set forth above on the date below indicated.

( X)          by Electronic Case Filing, (ECF) on the date set forth below.


Dated this 1st day of February, 2012.

OLIVEROS & O'BRIEN, P.C.

/s/ Hugo Zollman

Hugo Zollman, Paralegal, hugo@orbankruptcy.com

Of Attorneys for Plaintiffs

9200 SE Sunnybrook Blvd., Suite 150

Clackamas, OR 97015

V: 503-786-3800      F: 503-786-3885