IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


| | |
|---|---|
| KATHERINE STOLZ, an individual, EDWARD STOLZ, an individual, and TERREA STOLZ, an individual, | 3:11-CV-00762-HU<br><br>OPINION AND ORDER |
| Plaintiffs, | |
| v. | |
| ONEWEST BANK, FSB, a California Corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation; REGIONAL TRUSTEE SERVICES CORPORATION, a Washington Corporation; and FEDERAL NATIONAL MORTGAGE ASSOCIATION, a government sponsored Enterprise, | |
| Defendants. | |


MICHAEL D. O'BRIEN
Oliveros & O'Brien
9200 S.E. Sunnybrook Blvd.
Suite 150
Clackamas, OR 97015
(503) 786-3800

      Attorneys for Plaintiff

1 - OPINION AND ORDER

WILLIAM L. LARKINS, JR.
CODY HOESLY
Larkins Vacura LLP
621 S.W. Morrison
Suite 1450
Portland, OR 97205
(503) 222-4424

      Attorneys for Defendants

**BROWN, Judge.**

    Magistrate Judge Dennis James Hubel issued Findings and Recommendation (#27) on January 13, 2012, recommending the Court grant in part and deny in part Defendants' Motion (#10) to Dismiss Plaintiffs' Complaint under Federal Rule of Civil Procedure 12(b)(6).

    Plaintiffs filed timely Objections to the Findings and Recommendation. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

    When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1). *See also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*). The court is relieved of its obligation to review the factual record *de novo* as to any portion of the Findings and Recommendation to which the parties do not object, *Reyna-Tapia*, 328 F.3d at 1121, and reviews only

2 - OPINION AND ORDER

the Magistrate Judge's conclusions of law *de novo*. *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989).

## BACKGROUND

The background to this case is set forth in Magistrate Judge Hubel's Findings and Recommendation and need not be repeated here. The overarching issue is whether Defendants violated the Oregon Trust Deed Act (OTDA), Or. Rev. Stat § 86.705, *et seq.*, and the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605, in conducting a foreclosure sale of Plaintiffs' property after Plaintiffs defaulted in making payments on a promissory note executed by Plaintiff Katherine Stolz and secured by the grant of a trust deed against the property to the lender, Premier Mortgage Group, Inc.

## DEFENDANTS' MOTION TO DISMISS

1. **Defendants' Request for Judicial Notice.**

In connection with their Motion to Dismiss, Defendants ask the Court to take judicial notice of documents reflecting the transactions between the parties, including the Promissory Note, the Assignment of Deed of Trust, the Appointment of Successor Trustee, a second Assignment of Deed of Trust, and a Notice of Default and Election to Sell. The Magistrate Judge took judicial notice of those documents in making his Findings and

3  -  OPINION AND ORDER

Recommendations and recommends this Court grant Defendants' Request.

Neither Plaintiffs nor Defendants objected to the Magistrate Judge's recommendation that the Court take judicial notice of those documents and the Court does not find the Magistrate Judge erred in doing so. The Court, therefore, **ADOPTS** the Magistrate Judge's recommendation and also takes judicial notice of each of those documents.

2.  <u>**Defendant OneWest's Motion against Plaintiffs' RESPA claim**</u>.

In their Fourth Claim for Relief, all Plaintiffs allege OneWest violated RESPA by failing either to acknowledge receipt of or to contact Plaintiffs in response to a "Qualified Written Request" they made to OneWest seeking information about the servicing of their loan in light of the pending foreclosure sale of their property.

As an initial matter, the Magistrate Judge concludes only Plaintiff Katherine Stolz, who is the named borrower under the Promissory Note, has standing to assert a RESPA claim. The Magistrate Judge also concludes, however, that Plaintiff Katherine Stolz alleged facts sufficient to state a plausible claim against OneWest under RESPA. Accordingly, the Magistrate Judge recommends this Court deny OneWest's Motion as to Plaintiff Katherine Stolz but grant the Motion as to the remaining Plaintiffs.

4 - OPINION AND ORDER

In light of his conclusion that Plaintiff Katherine Stolz has adequately asserted a federal claim for relief under RESPA, which, in turn, gives rise to federal-question jurisdiction pursuant to 28 U.S.C. § 1331, the Magistrate Judge concludes it is unnecessary to decide whether the Court also has subject-matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332.

Because neither Plaintiffs nor Defendants have objected to this Finding and Recommendation, the Court reviews the Magistrate Judge's conclusions of law *de novo* and, in doing so, the Court does not find any error. The Court, therefore, **ADOPTS** the Magistrate Judge's recommendation and **DENIES** Defendants' Motion to Dismiss Plaintiff Katherine Stolz's RESPA claim against Defendant OneWest Bank.

3.  **Defendant OneWest's HOLA Preemption Defense.**

OneWest asserts Plaintiffs' state-law claims - First Claim for Declaratory Judgment, Second Claim for Rescission of Wrongful Foreclosure, and Third Claim for Temporary Injunction - are preempted under the Federal Homeowners' Loan Act (HOLA) of 1933, 12 U.S.C. §§ 1461-68.[1] The Magistrate Judge agrees and recommends this Court dismiss each of th0se claims.

Plaintiffs object to the recommendation on the ground that

---

[1] OneWest Bank is the only Defendant to specifically address the issue as to whether state-law claims are preempted.

5  - OPINION AND ORDER

the Trust Deed reflects the parties contemplated compliance with the Oregon Trust Deed Act when they entered into the Trust Deed because the Trust Deed includes "federal, state, and local statutes . . . and final non-appealable judicial opinions" as "applicable Law." Compl., Ex. 3 at 2. Accordingly, Plaintiffs contend "[a]lthough HOLA may have preempted the field, the lender [in this case] has effectively 'opted out' and contractually obligated itself to comply with state law." Pls.' Obj. at 2. Plaintiffs also argue that "nothing in HOLA appears to prevent a federal savings association from submitting itself to state laws governing real property." Pls.' Obj. at 4.

    The Magistrate Judge's recommendation is based in large part on the Court's analysis and ruling in *Copeland-Turner v. Wells Fargo Bank*, 800 F. Supp. 2d 1132, 1142 (D. Or., Jul. 6, 2011), in which Judge Marco Hernandez concluded on similar facts that HOLA preempted state-law claims against Wells Fargo Bank. This Court agrees with the extensive analysis and reasoning set out by Judge Hernandez in *Copeland-Turner* and, therefore, also concurs in the Magistrate Judge's recommendation that this Court find HOLA preempts Plaintiffs' claims against OneWest.

    Accordingly, the Court **ADOPTS** the Magistrate Judge's recommendation and grants Defendants' Motion to Dismiss Plaintiffs' HOLA claim against Defendant OneWest Bank.

4. <u>Remaining State Law Issue</u>.

The remaining issues addressed by the Magistrate Judge in his Findings and Recommendation are addressed in Plaintiffs' First Claim for Relief in which Plaintiffs seek a Declaratory Judgment as to whether under Oregon law (a) Defendant MERS is considered a beneficiary under the Trust Deed with standing to foreclose, (b) there was a valid appointment of a successor trustee, and © Defendants were barred from holding the foreclosure sale after Plaintiffs were advised the sale was "on hold until [Plaintiffs'] inquiries have been responded to."

    a. **MERS - Beneficiary under Trust Deed.**

Plaintiffs argue MERS is not a proper beneficiary under the Trust Deed under Oregon law, and, therefore, Plaintiffs contend the Magistrate Judge erred in concluding otherwise.

The Magistrate Judge's conclusion accords with rulings by this Court in *Graham v. Recontrust Co., N.A., et al.*, 3:11-CV-01339-BR; *Sovereign v. Deutsche Bank*, No. 11-CV-995-BR, 2012 WL 724796, at *7-8 (D. Or. Mar. 5, 2012); and *Reeves v. ReconTrust Co., N.A.*, No. 11-CV-01278-BR, 2012 WL 652681, at *10-16 (D. Or. Feb. 28, 2012).[2]  *But see, e.g., Beyer v. Bank of Am.*, No. 10-CV-

---

[2] The issue whether MERS is a valid beneficiary under the Trust Deed has been addressed in a number of cases within the District of Oregon in which judges have reached different conclusions.  The judges in this District, therefore, have agreed to certify this issue and related issues to the Oregon Supreme Court in certain pending cases.  The judges, however, have decided not to stay pending cases addressing MERS issues in the

7 - OPINION AND ORDER

523-MO, 2011 WL 3359938 (D. Or. Aug. 2, 2011). *See also James v. ReContrust Co.*, 3:11-CV-653871-ST, 2012 WL 653871, at *18 (D. Or. Feb. 29, 2012)(Judge Simon rejected Magistrate Judge Stewart's Findings and Recommendation that MERS was a beneficiary of the trust deed and concluded MERS was solely the agent of the promissory note holder).

This Court adheres to its prior rulings in *Graham, Sovereign,* and *Reeves* as to this issue and, therefore, concludes the Magistrate Judge correctly found MERS is a proper beneficiary of the trust deed at issue under Oregon law.

### b. Defendants' Appointment of Successor Trustee.

On February 10, 2009, IndyMac Federal appointed Defendant Regional Trustees Services Corporation (Regional) as successor trustee.

Plaintiffs contend Endemic Federal, however, did not have the authority to appoint any successor trustee on that date because MERS did not assign the Trust Deed to IndyMac Federal until February 11, 2009, the day after Endemic purported to assign the Trust Deed to Regional. The assignment was recorded on February 12, 2011.

The Magistrate Judge concluded "the legally relevant date for determining the validity of Endemic Federal's appointment of

---

meantime. *See Graham v. Recontrust Co., N.A., et al.*, 3:11-CV-01339-BR at 10 n.1 (Mar. 27, 2012).

8 - OPINION AND ORDER

a successor trustee is the date on which the appointment was recorded[]." See Or. Rev. Stat. § 86.790(3)("If the appointment of the successor trustee is recorded in the mortgage records of the county or counties in which the trust deed is recorded, the successor trustee shall be vested with all the powers of the original trustee." In reaching this conclusion, the Magistrate Judge noted the Oregon statute contained the same language as Idaho Code § 45.1504(2) covering the same subject matter. In *Russell v. OneWest Bank, FSB*, the Idaho court construed the Idaho statute and concluded "the legally relevant date for determining the validity of Endemic Federal's appointment of a successor trustee is the date on which the appointment was recorded." 1:11-CV-00222, 2011 WL 5025236, at *6 (D. Id., Oct. 20, 2011),

Accordingly, the Magistrate Judge recommended "this portion of [Plaintiffs'] Complaint should be dismissed" for failure to state a claim "under the *Twombly-Iqbal* standard."

Neither Plaintiffs nor Defendants have objected to this Finding and Recommendation. The Court, therefore, has reviewed the Magistrate Judge's conclusions of law *de novo* and does not find any error. Accordingly, the Court **ADOPTS** the Magistrate Judge's recommendation and **GRANTS** Defendants' Motion to Dismiss to the extent that it is based on Endemic's purported lack of authority to assign the Trust Deed to successor trustee Regional.

### c. The June 14, 2011, Foreclosure Sale.

Plaintiffs allege OneWest misrepresented to them that a foreclosure sale scheduled for May 13, 2011, was "on hold" until Plaintiffs' "inquiries have been responded to." The sale actually occurred June 14, 2011.

The Magistrate Judge concluded the foreclosure sale was properly conducted under April 13, 2011, in accordance with Or. Rev. Stat. § 86.755(2). Plaintiffs do not argue the sale violated the statute nor could they because Oregon law allows the trustee to postpone a sale "for one or more periods totaling not more than 180 days, *giving notice of each adjournment by public proclamation made at the time and place set for sale.*" (Emphasis added). See *Sawyer v. ReContrust Co., N.A.*, 11-CV-292-ST, 2011 WL 2619517, at *3 (D. Or. May 27, 2011). Nevertheless, Plaintiffs now argue for the first time that they should be permitted to amend their Complaint to assert a claim based on promissory estoppel.

In *Sawyer* plaintiffs also urged the court to allow them to amend their complaint to assert a claim of equitable estoppel. In her Findings and Recommendation, Magistrate Judge Stewart concluded on similar facts that the plaintiff "may be able to plead an equitable estoppel claim if given an opportunity to do so." *Sawyer*, 2011 WL 2619517, at *7. Neither party in that case filed any objection, and Judge Hernandez adopted the Magistrate

10 - OPINION AND ORDER

Judge's Findings and Recommendation without further discussion.

In *Copeland-Turner*, however, Judge Hernandez addressed the issue specifically and held plaintiff's state-law claim that Wells Fargo breached an oral agreement to set over a foreclosure sale was preempted by HOLA. 800 F. Supp. 2d at 1142. This Court concurs in the *Copeland-Turner* analysis.

Accordingly, the Court **ADOPTS** the Magistrate Judge's Finding and Recommendation that Defendants did not violate Oregon law in the conduct of the foreclosure sale.

## CONCLUSION

For all of these reasons, the Court **ADOPTS** the Magistrate Judge's Findings and Recommendation in their entirety and **DISMISSES** all claims except the claim of Plaintiff Katherine Stolz for violation of RESPA.

IT IS SO ORDERED.

DATED this 30th day of March, 2012.

_____
ANNA J. BROWN
United States District Judge

11 - OPINION AND ORDER