IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


KATHERINE STOLZ, an individual,              3:11-CV-00762-HU
EDWARD STOLZ, an individual, and
TERREA STOLZ, an individual,                 OPINION AND ORDER

           Plaintiffs,

v.

ONEWEST BANK, FSB, a California
Corporation; MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., a
Delaware Corporation; REGIONAL
TRUSTEE SERVICES CORPORATION,
a Washington Corporation; and
FEDERAL NATIONAL MORTGAGE
ASSOCIATION, a government
sponsored Enterprise,

           Defendants.



MICHAEL D. O'BRIEN
Oliveros & O'Brien
9200 S.E. Sunnybrook Blvd.
Suite 150
Clackamas, OR 97015
(503) 786-3800

           Attorneys for Plaintiff


1  - OPINION AND ORDER

WILLIAM L. LARKINS, JR.
CODY HOESLY
Larkins Vacura LLP
621 S.W. Morrison
Suite 1450
Portland, OR 97205
(503) 222-4424

      Attorneys for Defendants


BROWN, Judge.

      Magistrate Judge Dennis James Hubel issued Findings and Recommendation (#27) on January 13, 2012, recommending the Court grant in part and deny in part Defendants' Motion (#10) to Dismiss Plaintiffs' Complaint under Federal Rule of Civil Procedure 12(b)(6).

      Plaintiffs filed timely Objections to the Findings and Recommendation. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

      When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1). *See also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*). The court is relieved of its obligation to review the factual record *de novo* as to any portion of the Findings and Recommendation to which the parties do not object, *Reyna-Tapia*, 328 F.3d at 1121, and reviews only

2   - OPINION AND ORDER

the Magistrate Judge's conclusions of law *de novo*. *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989).

## BACKGROUND

The background to this case is set forth in Magistrate Judge Hubel's Findings and Recommendation and need not be repeated here.  The overarching issue is whether Defendants violated the Oregon Trust Deed Act (OTDA), Or. Rev. Stat § 86.705, *et seq.*, and the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605, in conducting a foreclosure sale of Plaintiffs' property after Plaintiffs defaulted in making payments on a promissory note executed by Plaintiff Katherine Stolz and secured by the grant of a trust deed against the property to the lender, Premier Mortgage Group, Inc.

## DEFENDANTS' MOTION TO DISMISS

### 1.    Defendants' Request for Judicial Notice.

In connection with their Motion to Dismiss, Defendants ask the Court to take judicial notice of documents reflecting the transactions between the parties, including the Promissory Note, the Assignment of Deed of Trust, the Appointment of Successor Trustee, a second Assignment of Deed of Trust, and a Notice of Default and Election to Sell.  The Magistrate Judge took judicial notice of those documents in making his Findings and

Recommendations and recommends this Court grant Defendants'
Request.

Neither Plaintiffs nor Defendants objected to the
Magistrate Judge's recommendation that the Court take judicial
notice of those documents and the Court does not find the
Magistrate Judge erred in doing so.  The Court, therefore, **ADOPTS**
the Magistrate Judge's recommendation and also takes judicial
notice of each of those documents.

2.   **Defendant OneWest's Motion against Plaintiffs' RESPA claim**.

In their Fourth Claim for Relief, all Plaintiffs allege
OneWest violated RESPA by failing either to acknowledge receipt
of or to contact Plaintiffs in response to a "Qualified Written
Request" they made to OneWest seeking information about the
servicing of their loan in light of the pending foreclosure sale
of their property.

As an initial matter, the Magistrate Judge concludes only
Plaintiff Katherine Stolz, who is the named borrower under the
Promissory Note, has standing to assert a RESPA claim.  The
Magistrate Judge also concludes, however, that Plaintiff
Katherine Stolz alleged facts sufficient to state a plausible
claim against OneWest under RESPA.  Accordingly, the Magistrate
Judge recommends this Court deny OneWest's Motion as to Plaintiff
Katherine Stolz but grant the Motion as to the remaining
Plaintiffs.

4  - OPINION AND ORDER

In light of his conclusion that Plaintiff Katherine Stolz
has adequately asserted a federal claim for relief under RESPA,
which, in turn, gives rise to federal-question jurisdiction
pursuant to 28 U.S.C. § 1331, the Magistrate Judge concludes it
is unnecessary to decide whether the Court also has subject-
matter jurisdiction based on diversity of citizenship under 28
U.S.C. § 1332.

Because neither Plaintiffs nor Defendants have objected to
this Finding and Recommendation, the Court reviews the Magistrate
Judge's conclusions of law *de novo* and, in doing so, the Court
does not find any error.  The Court, therefore, **ADOPTS** the
Magistrate Judge's recommendation and **DENIES** Defendants' Motion
to Dismiss Plaintiff Katherine Stolz's RESPA claim against
Defendant OneWest Bank.

3.    **Defendant OneWest's HOLA Preemption Defense.**

OneWest asserts Plaintiffs' state-law claims - First Claim
for Declaratory Judgment, Second Claim for Rescission of Wrongful
Foreclosure, and Third Claim for Temporary Injunction - are
preempted under the Federal Homeowners' Loan Act (HOLA) of 1933,
12 U.S.C. §§ 1461-68.[1]  The Magistrate Judge agrees and
recommends this Court dismiss each of th0se claims.

Plaintiffs object to the recommendation on the ground that

---

[1] OneWest Bank is the only Defendant to specifically address
the issue as to whether state-law claims are preempted.

the Trust Deed reflects the parties contemplated compliance with
the Oregon Trust Deed Act when they entered into the Trust Deed
because the Trust Deed includes "federal, state, and local
statutes . . . and final non-appealable judicial opinions" as
"applicable Law." Compl., Ex. 3 at 2. Accordingly, Plaintiffs
contend "[a]lthough HOLA may have preempted the field, the lender
[in this case] has effectively 'opted out' and contractually
obligated itself to comply with state law." Pls.' Obj. at 2.
Plaintiffs also argue that "nothing in HOLA appears to prevent a
federal savings association from submitting itself to state laws
governing real property." Pls.' Obj. at 4.

The Magistrate Judge's recommendation is based in large part
on the Court's analysis and ruling in *Copeland-Turner v. Wells
Fargo Bank,* 800 F. Supp. 2d 1132, 1142 (D. Or., Jul. 6, 2011), in
which Judge Marco Hernandez concluded on similar facts that HOLA
preempted state-law claims against Wells Fargo Bank. This Court
agrees with the extensive analysis and reasoning set out by Judge
Hernandez in *Copeland-Turner* and, therefore, also concurs in the
Magistrate Judge's recommendation that this Court find HOLA
preempts Plaintiffs' claims against OneWest.

Accordingly, the Court **ADOPTS** the Magistrate Judge's
recommendation and grants Defendants' Motion to Dismiss
Plaintiffs' HOLA claim against Defendant OneWest Bank.

4.    <u>Remaining State Law Issue</u>.

   The remaining issues addressed by the Magistrate Judge in
his Findings and Recommendation are addressed in Plaintiffs'
First Claim for Relief in which Plaintiffs seek a Declaratory
Judgment as to whether under Oregon law (a) Defendant MERS is
considered a beneficiary under the Trust Deed with standing to
foreclose, (b) there was a valid appointment of a successor
trustee, and © Defendants were barred from holding the
foreclosure sale after Plaintiffs were advised the sale was "on
hold until [Plaintiffs'] inquiries have been responded to."

   a.  **MERS - Beneficiary under Trust Deed.**

   Plaintiffs argue MERS is not a proper beneficiary under the
Trust Deed under Oregon law, and, therefore, Plaintiffs contend
the Magistrate Judge erred in concluding otherwise.

   The Magistrate Judge's conclusion accords with rulings by
this Court in *Graham v. Recontrust Co., N.A., et al.*, 3:11-CV-
01339-BR; *Sovereign v. Deutsche Bank*, No. 11-CV-995-BR, 2012 WL
724796, at *7-8 (D. Or. Mar. 5, 2012); and *Reeves* v. *ReconTrust
Co., N.A.*, No. 11-CV-01278-BR, 2012 WL 652681, at *10-16 (D. Or.
Feb. 28, 2012).[2] *But see, e.g., Beyer v. Bank of Am.*, No. 10-CV-

_____

   [2] The issue whether MERS is a valid beneficiary under the
Trust Deed has been addressed in a number of cases within
the District of Oregon in which judges have reached different
conclusions.  The judges in this District, therefore, have agreed
to certify this issue and related issues to the Oregon Supreme
Court in certain pending cases.  The judges, however, have
decided not to stay pending cases addressing MERS issues in the

523-MO, 2011 WL 3359938 (D. Or. Aug. 2, 2011). *See also James v. ReContrust Co.*, 3:11-CV-653871-ST, 2012 WL 653871, at *18 (D. Or. Feb. 29, 2012)(Judge Simon rejected Magistrate Judge Stewart's Findings and Recommendation that MERS was a beneficiary of the trust deed and concluded MERS was solely the agent of the promissory note holder).

This Court adheres to its prior rulings in *Graham, Sovereign, and Reeves* as to this issue and, therefore, concludes the Magistrate Judge correctly found MERS is a proper beneficiary of the trust deed at issue under Oregon law.

**b. Defendants' Appointment of Successor Trustee.**

On February 10, 2009, IndyMac Federal appointed Defendant Regional Trustees Services Corporation (Regional) as successor trustee.

Plaintiffs contend Endemic Federal, however, did not have the authority to appoint any successor trustee on that date because MERS did not assign the Trust Deed to IndyMac Federal until February 11, 2009, the day after Endemic purported to assign the Trust Deed to Regional. The assignment was recorded on February 12, 2011.

The Magistrate Judge concluded "the legally relevant date for determining the validity of Endemic Federal's appointment of

_____

meantime. *See Graham v. Recontrust Co., N.A., et al.*, 3:11-CV-01339-BR at 10 n.1 (Mar. 27, 2012).

a successor trustee is the date on which the appointment was
recorded[]."  *See* Or. Rev. Stat. § 86.790(3)("If the appointment
of the successor trustee is recorded in the mortgage records of
the county or counties in which the trust deed is recorded, the
successor trustee shall be vested with all the powers of the
original trustee."  In reaching this conclusion, the Magistrate
Judge noted the Oregon statute contained the same language as
Idaho Code § 45.1504(2) covering the same subject matter.  In
*Russell v. OneWest Bank, FSB*, the Idaho court construed the Idaho
statute and concluded "the legally relevant date for determining
the validity of Endemic Federal's appointment of a successor
trustee is the date on which the appointment was recorded."
1:11-CV-00222, 2011 WL 5025236, at *6 (D. Id., Oct. 20, 2011),

Accordingly, the Magistrate Judge recommended "this portion
of [Plaintiffs'] Complaint should be dismissed" for failure to
state a claim "under the *Twombly-Iqbal* standard."

Neither Plaintiffs nor Defendants have objected to this
Finding and Recommendation.  The Court, therefore, has reviewed
the Magistrate Judge's conclusions of law *de novo* and does not
find any error.  Accordingly, the Court **ADOPTS** the Magistrate
Judge's recommendation and **GRANTS** Defendants' Motion to Dismiss
to the extent that it is based on Endemic's purported lack of
authority to assign the Trust Deed to successor trustee Regional.

c.  **The June 14, 2011, Foreclosure Sale.**

Plaintiffs allege OneWest misrepresented to them that a foreclosure sale scheduled for May 13, 2011, was "on hold" until Plaintiffs' "inquiries have been responded to."  The sale actually occurred June 14, 2011.

The Magistrate Judge concluded the foreclosure sale was properly conducted under April 13, 2011, in accordance with Or. Rev. Stat. § 86.755(2).  Plaintiffs do not argue the sale violated the statute nor could they because Oregon law allows the trustee to postpone a sale "for one or more periods totaling not more than 180 days, *giving notice of each adjournment by public proclamation made at the time and place set for sale.*" (Emphasis added).  *See Sawyer v. ReContrust Co., N.A.*, 11-CV-292-ST, 2011 WL 2619517, at *3 (D. Or. May 27, 2011).  Nevertheless, Plaintiffs now argue for the first time that they should be permitted to amend their Complaint to assert a claim based on promissory estoppel.

In *Sawyer* plaintiffs also urged the court to allow them to amend their complaint to assert a claim of equitable estoppel. In her Findings and Recommendation, Magistrate Judge Stewart concluded on similar facts that the plaintiff "may be able to plead an equitable estoppel claim if given an opportunity to do so." *Sawyer*, 2011 WL 2619517, at *7.  Neither party in that case filed any objection, and Judge Hernandez adopted the Magistrate

10 - OPINION AND ORDER

Judge's Findings and Recommendation without further discussion.

In *Copeland-Turner*, however, Judge Hernandez addressed the issue specifically and held plaintiff's state-law claim that Wells Fargo breached an oral agreement to set over a foreclosure sale was preempted by HOLA.  800 F. Supp. 2d at 1142.  This Court concurs in the *Copeland-Turner* analysis.

Accordingly, the Court **ADOPTS** the Magistrate Judge's Finding and Recommendation that Defendants did not violate Oregon law in the conduct of the foreclosure sale.

### CONCLUSION

For all of these reasons, the Court **ADOPTS** the Magistrate Judge's Findings and Recommendation in their entirety and **DISMISSES** all claims except the claim of Plaintiff Katherine Stolz for violation of RESPA.

IT IS SO ORDERED.

DATED this 30th day of March, 2012.

ANNA J. BROWN
United States District Judge

11 - OPINION AND ORDER